UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
Community Health Care Association of New York;
Anthony L. Jordan Health Center; Bedford Stuyvesant
Family Health Center, Inc.; Brooklyn Plaza Medical
Center, Inc.; Brownsville Multi-Service Family Health
Center; Charles B. Wang Community Health Center,
Inc.; Community Health Center of Buffalo, Inc.;
Community Health Center of Richmond, Inc.;
Community Healthcare Network; Damian Family Care
Centers, Inc.; East Harlem Council for Human Services,
Inc.; East Hill Family Medical, Inc.; Ezra Medical
Center; Family Health Network of Central New York,
Inc.; Finger Lakes Migrant Health Care Project, Inc.;
Heritage Health and Housing, Inc.; Hudson Headwaters
Health Network; Hudson River Healthcare, Inc.; Joseph
P. Addabbo Family Health Center, Inc.; Middletown
Community Health Center, Inc.; Morris Heights Health
Center; Mount Vernon Neighborhood Health Center,
Inc.; Northern Oswego County Health Services, Inc.;
Northwest Buffalo Community Health Care Center;
Oak Orchard Community Health Center, Inc.; ODA
Primary Health Care Center, Inc.; Open Door Family
Medical Center, Inc.; Rochester Primary Care Network;
Ryan/Chelsea-Clinton Community Health Center;
Schenectady Family Health Services, Inc. d/b/a
Hometown Health Center; Sunset Park Health Council,
Inc.; Syracuse Community Health Center, Inc.; The
Greater Hudson Valley Family Health Center, Inc.;
Urban Health Plan, Inc.; Whitney M. Young, Jr. Health
Center; and William F. Ryan Community Health Center,

USDC SDNY
DOCUMENT ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 2/14/19

Civil Action No:
10 CIV 8258 (TPG)

**STIPULATION
AND ORDER OF
SETTLEMENT**

Plaintiffs,

-against-

New York State Department of Health;
Richard F. Daines, M.D., in his official capacity as
Commissioner; State of New York; and Does 1-20,

Defendants.
------------------------------------------------------------X

WHEREAS, this action was commenced by the filing of a complaint on November 1, 2010; and

WHEREAS, on or about January 24, 2011, the above-named plaintiffs filed an amended complaint; and

WHEREAS, on or about May 26, 2011, the Court (Thomas P. Griesa, U.S.D.J.) filed an Opinion dismissing the amended complaint as against defendants New York State Department of Health and the State of New York (*Community Healthcare Assoc. of New York v. New York State Department of Health*, 2011 WL 2162983 [S.D.N.Y. May 26, 2011]); and

WHEREAS, this action then proceeded against the remaining defendant, the Commissioner of the New York State Department of Health, in his official capacity (referred to hereinafter as the "defendant"); and

WHEREAS, the Court (Andrew L. Carter, U.S.D.J.) filed an Opinion, on or about February 1, 2013, that granted in part and denied in part the defendant's motion for summary judgment, and granted in part and denied in part plaintiffs' motion for summary judgment (*Community Healthcare Assoc. of New York v. New York State Department of Health*, 921 F.Supp.2d 130 [S.D.N.Y. 2013]); and

WHEREAS, the Second Circuit Court of Appeals issued an Opinion, on or about October 7, 2014, that affirmed in part and vacated and remanded in part the District Court's ruling on the parties' summary judgment motions (*Community Health Care Association of New York v. Shah*, 770 F.3d 129 [2d Cir. 2014]); and

WHEREAS, the parties now desire to settle the issue of plaintiffs' attorney's fees and dismiss the remaining claims in this action, without prejudice;

IT IS HEREBY STIPULATED AND ORDERED, as follows:

1. This Stipulation and Order of Settlement (referred to hereinafter as "Stipulation") resolves plaintiffs' claims for their attorney's fees, costs and disbursements in this action. Additionally, this Stipulation dismisses plaintiffs' remaining claims in this action, without prejudice.

2. The New York State Department of Health, on behalf of the defendant, shall pay the sum of four hundred thousand dollars and no cents ($400,000.00) ("Fee Payment") to plaintiffs' attorneys, as set forth in paragraph 3 of this Stipulation, in full and final satisfaction of plaintiffs' claims for attorney's fees, costs and disbursements in this action.

3. Payment of the Fee Payment shall be made by a check or electronic transfer, for which an I.R.S. Form 1099 shall be issued, and made payable to Feldesman Tucker Leifer Fidell LLP, as attorneys, located at 1129 20th St. N.W., Washington DC 20036.

4. Payment of the Fee Payment is subject to the approval of all appropriate New York State officials. In the event such approval is denied, counsel for the defendant shall so notify plaintiffs' attorneys within seven (7) calendar days of the disapproval. In the event of such disapproval, plaintiffs shall have ninety (90) calendar days from such notice within which to make a motion seeking attorney's fees, costs and disbursements from the defendant.

5. Plaintiffs' attorneys shall promptly execute and deliver to defendant's counsel any and all documents and information necessary to effectuate the Fee Payment.

6. Upon receipt by defendant's counsel of both (i) a so-ordered copy of this Stipulation, and (ii) all documents and information required by paragraph 5 of this Stipulation, Defendant will have one hundred twenty (120) days to make payment as required in paragraph 3 of this Stipulation. In the event the payment described in paragraph 3 of this Stipulation is not made by the one hundred twentieth (120th) day after receipt by defendant's counsel of both (i) a so-ordered copy of this Stipulation, and (ii) all documents and information required by paragraph 5 of this Stipulation, interest shall begin to accrue on any unpaid sums at the statutory rate prescribed by 28 U.S.C. § 1961 on the one hundred twenty-first (121st) day.

7. Plaintiffs and their attorneys agree that any taxes, including any interest and/or penalties on taxes, on the payment specified in paragraph 3 of this Stipulation shall be the sole and complete responsibility of plaintiffs and their attorneys, and that they shall have no claim, right or cause of action against the defendant, the New York State Department of Health or the State of New York on account of any and all such taxes, interest and penalties.

8. Plaintiffs agree that neither the defendant, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), nor any of their officials, employees, or agents, whether in their individual or official capacities, shall be responsible for any liens of any kind (including, but

4

not limited to, any and all workers' compensation, tax, or child support liens) which may attach to the Fee Payment. Plaintiffs shall have no claim, right, or cause of action against the defendant, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their officials, employees, or agents, whether in their individual or official capacities, on account of such liens, and agree that they will defend, indemnify, and hold harmless the defendant, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their officials, employees, or agents, whether in their individual or official capacities, for the satisfaction of any such liens.

9. In consideration of the payment of the Fee Payment, plaintiffs, on their own behalf and on behalf of the respective heirs, executors, administrators, personal representatives, successors and assigns of each of themselves and on behalf of future plaintiffs, hereby jointly and severally release and forever discharge the defendant and the State of New York, including without limitation their past and present officials, employees, departments, agencies, representatives, directors and agents, their successors and assigns and their respective heirs, executors, administrators, personal representatives, and transferees, and each of them from any and all claims for attorney's fees, costs, and disbursements arising from or in connection with the above-captioned action through the date that this Stipulation is so-ordered, and this Stipulation shall be deemed a release to that effect.

10. Nothing contained in this Stipulation shall be deemed to be an agreement or an admission by the defendant as to the reasonableness of the number of hours spent or the particular hourly rates claimed by plaintiffs' attorneys.

11. The agreement regarding payment of attorney's fees, costs and disbursements set forth in this Stipulation is solely for the purpose of settlement of plaintiffs' claims for attorney's fees, costs and disbursements in this action and does not constitute any admission as to the merits or defenses in this action or reflect the positions of the parties in any other judicial or administrative proceeding. Nothing contained in this Stipulation shall be deemed, implied or construed to be a policy, custom or procedure of the defendant, the State of New York or any of its agencies.

12. This Stipulation contains all of the terms and conditions agreed on by the parties regarding the payment by the defendant of attorney's fees, costs and disbursements for work done by plaintiffs' attorneys in this action. No oral agreement entered into at any time nor any other written agreement entered into prior to the execution of this Stipulation shall be deemed to exist, to bind the parties, or to vary the terms and conditions set forth in this Stipulation.

13. Except for the enforcement of this Stipulation, this Stipulation shall have no precedential value and shall not be used as evidence, or in any other manner, in any other judicial or administrative proceeding, to create, prove, or interpret the obligations of the parties to each other or to any other person or entity.

14. All parties to this Stipulation have participated in its drafting; consequently, any ambiguity shall not be construed for or against any party.

15. If any date or period of time described in this Stipulation falls or ends on a public holiday or on a weekend, the date or period of time shall be extended to the next business day.

16. This Stipulation is final and binding upon the parties, their successors, and their assigns.

17. All remaining claims in this action are hereby dismissed, without prejudice, and this action may be closed by the Court without further notice to the parties.

Dated: New York, New York
February 13, 2019

LETITIA JAMES
Attorney General of the
State of New York
**Attorney for Defendant**

By: _/s/ James M. Hershler_
James M. Hershler
Assistant Attorney General
28 Liberty Street
New York, NY 10005
Tel. No.: (212) 416-8590
email: James.Hershler@ag.ny.gov


FELDESMAN TUCKER LEIFER FIDELL LLP
**Attorneys for Plaintiffs**

By: _/s/ Matthew S. Freedus / KCF_
Matthew S. Freedus
Partner
1129 20th Street, NW, Suite 400
Washington, DC 20036
Tel No. (202) 466-8960
Email: mfreedus@feldesmantucker.com

It is So Ordered.

_____
Andrew L. Carter
United States District Judge

February 19, 2019